# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD VALENCIANO, <br><br> Defendant. | No. CR06-4082-MWB <br><br> **DETENTION ORDER** |

This matter came on for detention hearing on September 20, 2006. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant Edward Valenciano appeared in person with his attorney, Clemens Erdahl. The Government offered the testimony of TFO Terry Kenny. Valenciano offered the following exhibits: Def. Ex. A, a letter from Corrections Officer Terri H. Meza, New Mexico Corrections Department, indicating Valenciano did well while on supervision between April 14, 2004, and April 13, 2006, when he received a satisfactory discharge; Def. Ex. B, a letter from Valenciano's mother indicating he could live with her while on pretrial release; Def. Ex. C, a letter from a teacher's assistant in Las Cruces, New Mexico, indicating she can assist Valenciano in obtaining employment if he is placed on pretrial release; and Def. Ex. D, a letter from an employee of Frontier Airlines indicating a "Buddy Pass" has been purchased in Valenciano's name, effective through June 30, 2007, that would allow Valenciano to fly back and forth between El Paso, Texas, and Omaha, Nebraska, so he could be present for court proceedings.

The court must determine whether any condition or combination of conditions will reasonably assure Valenciano's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of

either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Valenciano as required and the safety of the community if the court finds there is probable cause to believe Valenciano committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record contains evidence from a number of different sources, including corroborated statements from cooperating witnesses, that Valenciano has been a significant source of supply for marijuana. Particularly troubling to the court is the fact that after Valenciano was released from previous incarceration in New Mexico, and while he was on parole, he became involved in significant drug dealing activities. Valenciano has suggested some of those activities as alleged by cooperating witnesses post-dated his successful completion of supervised release by a month or more. The court does not find it significant that he may have waited until his parole was completed to begin new drug dealing activities. In any event, the evidence, on this record, indicates Valenciano's drug dealing activities were occurring throughout the period of time while he was on parole, and it was only the corroboration that came after his parole was completed.

The Government's case against Valenciano appears to be strong. On this record, Valenciano has failed to rebut the presumption that he would be a danger to the community if released. The presumption arises from the charge itself – a serious drug charge

involving conspiracy to distribute a significant quantity of marijuana. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) ("The distribution of illegal narcotics constitute[s] a serious and pervasive danger to the community.") (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds the Government has proved by clear and convincing evidence that Valenciano would be a danger to the community if released. Therefore, the court finds the following:

1. Valenciano is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Valenciano reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Valenciano to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Valenciano must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 22nd day of September, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT